**Federal Defenders**
OF NEW YORK, INC.

52 Duar[ne]

David E. Patton
*Executive Director
and Attorney-in-Chief*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/27/2020__

October 26, 2020

**By ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. Jian Li, 20 Cr. 568 (AT)

Honorable Judge Torres:

    Attached to this letter is a demand for relevant grand jury records, which I seek in preparation for a motion to challenge Mr. Li's indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). Mr. Li's indictment was filed on Thursday, October 22, 2020, and he was charged with one count of trafficking in counterfeit goods, in violation of 18 U.S.C. §§ (a)(1) and (2).

    Section 1867(a) of Title 28 of the United States Code allows a defendant to move to dismiss an indictment on the ground that the grand jury responsible for indicting him failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Section 1867(f) enables such motions by allowing a defendant to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" under Section 1867(a). 28 U.S.C. §§ 1867(a), (f); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id.*

    Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," one court in this district has determined that the statute may require an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808, at

*United States v. Jian Li*                                                                                      October 26, 2020
Hon. Analisa Torres                                                                                             Page 2 of 2

\*2 (S.D.N.Y. Feb. 26, 2020) (citing cases from the Eleventh Circuit Court of Appeals, the Northern District of Florida, and the Western District of New York).

       Based on the *Saipov* decision, numerous requests for grand jury records have been made shortly after indictment so that those defendants do not lose their ability to make a statutory and constitutional fair cross-section challenge to their indictment. Indeed, some records have been disclosed to the Federal Defenders in connection with other demands, but they are governed by a protective order which may prevent them to be filed in support of a motion in this case. Accordingly, I respectfully suggest that, following receipt of this demand, the parties meet and confer to see if we can (1) reach agreement about the use of existing records already in possession of the parties and therefore (2) narrow the list of outstanding records sought by the defense.

                                             Respectfully submitted,

                                             /s/ Annalisa Mirón
                                             Annalisa Mirón
                                             Assistant Federal Defender
                                             (646) 745-4899

CC:     AUSA Thomas Burneet

The parties are directed to meet and confer by **November 2, 2020**.

SO ORDERED.

Dated: October 27, 2020
        New York, New York

_____
ANALISA TORRES
United States District Judge